IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WARREN FAUST and LORI ESHENAUR**, as Trustees of the **SHEET METAL WORKERS LOCAL 44 RETIREMENT INCOME PLAN, SHEET METAL WORKERS LOCAL 44 ANNUITY FUND, SHEET METAL WORKERS LOCAL 44 WELFARE FUND, and SHEET METAL INDUSTRY EDUCATION FUND,** | : CIVIL ACTION NO. 1:16-CV-875 <br> : <br> : (Chief Judge Conner) <br> : <br> : <br> : <br> : <br> : <br> : |
| **Plaintiffs** | : <br> : |
| v. | : <br> : |
| **SCHULTZVILLE SHEET METAL, INC.,** | : <br> : <br> : |
| **Defendant** | : |

## ORDER & JUDGMENT

AND NOW, this 30th day of June, 2016, upon consideration of the request (Doc. 6) for default judgment by Warren Faust and Lori Eshenaur as Trustees of Sheet Metal Workers Local 44 Retirement Income Plan, Sheet Metal Workers Local 44 Annuity Fund, Sheet Metal Workers Local 44 Welfare Fund, and Sheet Metal Industry Education Fund (together, "plaintiffs"), and it appearing that the summons and complaint were served on defendant Schultzville Sheet Metal, Inc. ("Schultzville"), by process server on May 25, 2016, (see Doc. 4), but that, as of the date of this order, Schultzville has not pled or otherwise defended itself in this litigation, see FED. R. CIV. P. 12, nor has counsel entered an appearance on behalf of Schultzville, a corporation which cannot proceed *pro se* before a federal court, see Lawson v. Nat'l Cont.-Progressive Ins. Co., 347 F. App'x 741, 742 (3d Cir. 2009) (per

curiam) (nonprecedential) (citing Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993)), and that, upon request (Doc. 5) of plaintiffs, the Clerk of Court entered default (Doc. 7) against Schultzville on June 23, 2016, see FED. R. CIV. P. 55(a), and the court concluding that, taking the facts of the complaint (Doc. 1) as true, see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), plaintiffs' allegations are sufficient for purposes of default judgment to establish that Schultzville is delinquent on contributions to the plaintiff funds in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and in breach of the parties' collective bargaining agreement, and the court noting, with respect to the issue of damages, that it "may conduct hearings [if] it needs to . . . determine the amount of damages," FED. R. CIV. P. 55(b)(2), but that a hearing is unnecessary when evidence of damages is unopposed and unambiguous, see Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), and the court observing that plaintiffs seek damages in the amount of $77,309.18, and fees in the amount of $537.50, and support the request with an affidavit (Doc. 6-1) executed by their counsel, and the court thus determining that entry of default judgment is appropriate, it is hereby ORDERED that:

1. Plaintiffs' request (Doc. 6) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of plaintiffs and against Schultzville in the amount of $77,846.68, together with costs.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania